

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY KUYKENDALL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-248-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael Anthony Kuykendall, TDCJ #00737934, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On December 15, 1995, a jury found petitioner guilty of murder in Tarrant County, Texas, Case No. 0562941A, and assessed his punishment at 60 years' confinement. (02SHR at 40[1]) The Second District Court of Appeals of Texas affirmed the trial court's judgment on April 17, 1997. (*Id.* at 42-55) Petitioner did not file a petition for discretionary review; thus his conviction became final under state law on Monday, May 19, 1997.[2] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On January 3, 2006,[3] petitioner, represented by counsel, filed a state application for writ of habeas corpus challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on March 7, 2007. (01SHR at cover, 2) On January 3, 2013,[4] petitioner filed a second state habeas application pro se, which was dismissed by the Texas Court of Criminal Appeals as successive on March 6, 2013. TEX. CODE CRIM. PROC. ANN. art. 11.04, § 4 (West Supp. 2012). This federal petition for writ of habeas corpus was filed by

---

[1] "01SHR" refers to the state court record in petitioner's state habeas application no. WR-67,006-01, and "02SHR" refers to the state court record in his state habeas application no. WR-67,006-02.

[2] May 17, 1997, was a Saturday.

[3] A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the prison mailbox rule, *see infra* note 5. *Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002).

[4] The prison mailbox rule applies to a petitioner's filing of his state postconviction application, *infra* note 5. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

petitioner on March 22, 2013.[5] As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which petitioner filed a reply.

### D. Issues

In one ground, petitioner claims that he received ineffective assistance of counsel at trial because counsel failed to inform him of a 45-year plea offer and that he received ineffective assistance of counsel on appeal and in his first habeas proceeding because counsel failed to raise the ineffective-assistance claim. (Pet. at 6-6(B))

### E. Statute of Limitations

Thaler argues the petition should be dismissed with prejudice because the petition is barred by the statute of limitations. (Resp't Prel. Resp. at 5-8) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[5]Under the prison mailbox rule, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

      recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

    Petitioner argues that his petition is timely under § 2244(d)(1)(C) because he filed the petition within one year of the Supreme Court's decision in *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court determined that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." *Id.* at 1315-16. However, petitioner's reliance on *Martinez* is misplaced. *Martinez* did not announce a new federal constitutional rule of law and does not discuss retroactivity. *Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th Cir. 2012) (providing "*Martinez* does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law'"). Moreover, *Martinez* did not recognize a new time-bar excuse but only a limited and equitable excuse for procedural default. The *Martinez* case dealt with the exhaustion requirement of 28 U.S.C. § 2254(b), and decided "whether a federal habeas court may excuse a procedural default of an ineffective assistance claim when the claim was not properly presented in state court due to an attorney's error in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313. The *Martinez* opinion does not address the AEDPA's statute of limitations or equitable tolling. *See Yow v. Thaler*, No. 3:10-

CV-0005-K, 2012 WL 2795850, at *2 (N.D.Tex. June 20, 2012) (not designated for publication).

Nor does petitioner indicate when he first learned of the 45-year plea offer for purposes of triggering the limitations period under subsection (D). With diligence, however, he could have learned of the plea offer before or during trial, given he presented in the second state habeas proceeding a court document reflecting the plea offer was filed with the clerk of the trial court on April 7, 1995, over eight months before trial.

Instead, the undersigned finds the statute of limitations was triggered under subsection (A), the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on May 19, 1997. Thus, the federal limitations period began the next day and closed one year later on May 19, 1998. *See Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2012).

Petitioner's state habeas applications filed in 2006 and 2013, years after the statute of limitations had already expired, did not operate to toll the running of the federal period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant tolling as a matter of equity. Equitable tolling is permitted only if rare and exceptional circumstances beyond a petitioner's control make it impossible to file a petition in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner's lengthy delay in seeking state and federal postconviction relief mitigates against equitable tolling.

5

Petitioner's federal petition was due on or before May 19, 1998. Accordingly, his petition filed on March 22, 2013, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 26, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June **26**, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June **5**, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE