IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY KUYKENDALL, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-248-Y |
| | § | |
| WILLIAM STEPHENS,[1] | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Michael Anthony Kuykendall under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 5, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 26, 2013.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.

Kuykendall has also filed a motion to appoint counsel. There is no constitutional right to counsel for post-conviction collateral attacks.[2] Thus, after review and consideration of the motion, the Court concludes that it must be denied.

---

[1] As William Stephens has replaced Rick Thaler as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, he has been substituted as Respondent. Fed R. Civ. P. 25(d).

[2] *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *see also Irving v. Hargett,* 59 F.3d 23, 26 (5th Cir. 1995), *cert. denied,* 516 U.S. 1120 (1996).

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Michael Anthony Kuykendall's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

Kuykendall's motion for appointment of counsel (doc. 13) is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Kuykendall has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the June

---

[3] *See* Fed. R. App. P. 22(b).

[4] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[5] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[6] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

5, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

Therefore, a certificate of appealability should not issue.

SIGNED July 9, 2013.

                                        */s/ Terry R. Means*
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

---

[7] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).